IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| HARRY M., | : | |
|     Plaintiff | : | Civil Action No. 1:10-cv-922 |
| | : | |
| v. | : | (Chief Judge Kane) |
| | : | |
| COMMONWEALTH OF PENNSYLVANIA | : | |
| DEPARTMENT OF PUBLIC WELFARE, | : | |
| et al., | : | |
|     Defendants | : | |

# MEMORANDUM

Currently pending before the Court is Plaintiff's motion to compel discovery. (Doc. No. 19.) Following a telephone conference regarding the discovery dispute, the Court ordered the parties to submit letter briefs in support of their respective positions. (Doc. No. 22.) Plaintiff submitted a letter brief on December 23, 2010. (Doc. No. 23.) Defendants responded on December 30, 2010. (Doc. No. 24.) In his motion to compel discovery, Plaintiff raises issues regarding: (1) Defendants' response to interrogatories with reference to unspecified documents; (2) Defendants' responses referring Plaintiff to third parties; (3) Defendants' objection to a request for the production of additional documents not produced in response to a search of the parties' agreed-upon search terms; (4) Defendants' identification of potential witnesses; and (5) the timeliness of Defendants' production of documents. The Court will consider these matters in turn.

## I. RESPONSE TO INTERROGATORIES WITH REFERENCE TO UNSPECIFIED DOCUMENTS

Plaintiff first objects to the manner in which Defendants have responded to Plaintiff's interrogatories. Specifically, Plaintiff notes that in response to several interrogatories

1

Defendants simply reference their responses to Plaintiff's request for documents. Defendants argue that these responses are sufficient to satisfy the requirements of Rule 34 of the Federal Rules of Civil Procedure, and therefore, Defendants need not specifically identify electronic documents that are responsive to Plaintiff's interrogatories.

Defendants are correct that Rule 34 of the Federal Rules of Civil Procedure do not require extensive indexing of information to conform to Plaintiff's requests for documents. See, e.g., Braun v. Agri-Systems, No. F-02-6482, 2006 WL 278592, at *5 (E.D. Cal. Feb. 2, 2006) (holding that Rule 34 did not require defendants to index or label some 10,000 pages of document requests to correspond with categories in the request). In the present circumstance, however, the disputed material was not sought pursuant to Rule 34. And as such, Defendants' appeals to Rule 34 are inapposite. Although Rule 33(d) of the Federal Rules of Civil Procedure permits Defendants to respond to Plaintiff's interrogatories with reference to a business record, Rule 33(d) does not serve to eviscerate Rule 33's requirement of specificity when responding to interrogatories. See, e.g., Covad Communs. Co. v. Revonet, Inc., 258 F.R.D. 17, 20 (D.D.C. 2009) (requiring party responding to an interrogatory under Rule 33(d) to "specifically identify the documents that contain the answers"); see also 7 Moore's Federal Practice, § 33.101 (Matthew Bender 3d ed.) (noting Rule 33 requires full, complete, and specific responses to interrogatories).

As the text of Rule 33(d) makes clear, when responding to an interrogatory by referring to a business record, the responding party must "specify[] the records that must be reviewed, in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could." Fed. R. Civ. P. 33(d)(1). This rule has been interpreted to require

parties to guide the interrogating party to responsive documents by providing sufficient detail to enable the interrogating party to locate the documents.  See In re Tutu Wells Contamination Litig., 162 F.R.D. 46, 68 (D.V.I. 1995) (holding that "dumping several volumes of unspecified raw data on opposing counsel" does not satisfy Rule 33(d)); see also Graske v. Auto-Owners Ins. Co., 647 F. Supp. 2d 1105, 1108 (D. Neb. 2009); O'Connor v. Boeing N. Am., Inc., 185 F.R.D. 272, 278 (C.D. Cal. 1999); Fed. R. Civ. P. 33 advisory committee's notes to 1980 amendment (noting that "directing the interrogating party to a mass of business records or by offering to make all of their records available . . . [is] an abuse of" Rule 33(d)); 7 Moore's Federal Practice, § 33.105[3] (Matthew Bender 3d ed.).  Therefore, Defendants are directed to respond to the interrogatories with either an objection, written answer, or specific direction to the relevant document or documents as provided by Rule 33 within 10 days of the date of this order.

## II.     RESPONSES REFERRING PLAINTIFF TO THIRD PARTIES

Plaintiff next brings Defendants' objections to certain interrogatories on the basis that Plaintiff is seeking information in the possession of third parties to the Court's attention.  The interrogatories in question are as follows:

> 6. List the provider name, program, number of deaf individuals served, and county for every MR program in PA known to ODP in the following categories: a. Fully deaf accessible, i.e., in which virtually all staff are fluent in ASL; b. Partially deaf accessible, i.e., in which at least one full-time equivalent staff person is fluent in ASL; c. Occasionally deaf accessible, i.e., in which there is more than none but less than one full-time staff equivalent that is fluent in ASL.

> 7. Identify any and all providers within the waiver that you are aware of that employ or contract with sign language interpreters for a least one visit a week.

> 8. Identify any and all providers within the waiver that you are aware of that employ any staff person at a management level that is fluent

>     in ASL.
>
>     [ . . . ]
>
>     11. Identify any providers that have negotiated a different rate based on costs for ASL fluent staff or interpreters and identify the amount related specifically to the cost for ASL fluent staff.

(Doc. No. 23-1 at 5-7.) Defendants object on the basis that Defendants do not maintain records related to the employment practices or programs implemented by the third-party providers at issue here. (Doc. No. 24 at 2.) Defendants further argue that the interrogatory requires Defendants to review some 300,000 records to determine whether there is any responsive information contained therein, which Defendants characterize as a search for "a needle in a haystack." (Id. at 2-3.)

The Court is sympathetic to Defendants' objection, and will deny Plaintiff's motion to compel, in part. Defendants are instructed to respond, to the extent they are able, to interrogatories six and eleven, which concern matters that should be within Defendants' knowledge, i.e., the providers used by Defendants and providers with whom Defendants negotiated for differing rates. However, the Court agrees with Defendants that it would be unduly burdensome for Defendants to comply with interrogatories seven and eight. These interrogatories refer to relationships between third party providers and their employees, and requiring Defendants to conduct a search of 300,000 documents for this information would serve little purpose beyond prolonging discovery in this important matter as Defendants conduct what would almost certainly be a fruitless search.

## III. OBJECTION TO ADDITIONAL DOCUMENT DISCLOSURES

Plaintiff next seeks an order to compel Defendants to produce relevant electronic

documents of which they become aware, but which were not identified in the mutually agreed upon keyword search of Defendants' files. Defendants note that the parties have conferred and agreed to a search protocol including twenty-seven search terms and strings to be used in identifying responsive electronic documents. The Court is satisfied that this framework is sufficient to identify responsive documents and sees no need to revisit the parties' agreement. Therefore, the Court will not order the parties to add additional search terms at this juncture. However, to the extent that Defendants "become aware of a responsive document that did not happen to contain the agreed-upon search terms" the Court directs Defendants to disclose such documents with the understanding that Plaintiff is "not asking" Defendants to conduct any affirmative search for such documents. (See Doc. No. 19 at 2.)

## IV. IDENTIFICATION OF POTENTIAL WITNESSES

Plaintiff contends that Defendants should be directed to provide more specific information as to the nature of the information in the possession of some seventy potential witnesses listed by Defendants. Defendants respond by noting that Rule 26 of the Federal Rules of Civil Procedure do not require that Defendants provide "a minute recitation of the putative witness' knowledge." Lobato v. Ford, No. 05-cv-1437, 2007 WL 2593485, at *5 (D.Colo. Sept. 5, 2007). The Court notes, however, that the rule does require Defendants to indicate "briefly the general topics on which such persons have knowledge." Fed. R. Civ. P. 26 advisory committee's note to 1993 amendments. Further, Rule 26(a)(1)'s mandatory disclosure requirements are designed to "help focus the discovery that is needed, and facilitate preparation for trial or settlement." Fed. R. Civ. P. 26 advisory committee's notes to 1993 amendments. To that end, the disclosure requirements should "be applied with common sense in light of the

principles of Rule 1, keeping in mind the salutary purposes that the rule is intended to accomplish. The litigants should not indulge in gamesmanship with respect to the disclosure obligations." Id.

The Court is unable to grasp what purpose, beyond gamesmanship, is served by Defendants' limited description of the seventy potential witnesses they have identified. Of course, Defendants need not provide a detailed outline of anticipated testimony. However, Defendants must provide some minimal detail that will permit Plaintiff to better evaluate which witnesses warrant deposition, thus saving both parties from the expense of conducting or defending needless depositions. Therefore, for those witnesses whom Defendants identify as possessing information relating to either "Regional Assistance Provided to Class members," "Systemic, Individual and Policy Decisions Related to the Class," or "information regarding services [to class members]" the Court directs Defendants to provide such additional information as may be necessary to help focus discovery in this matter.

## V.     TIMELINESS OF PRODUCTION

Finally, Plaintiff requests that certain document requests be completed within ten days. The Court notes that it has extended discovery deadlines in this matter for the production of paper documents until March 21, 2011, provided that discovery is completed on a rolling basis. Given the volume of documents at issue and number of custodians controlling those documents, the Court declines to order additional deadlines in this matter at this juncture. If at a later date, Plaintiff has reason to believe Defendants are not complying with this Court's order in good faith, the Court will consider a motion to compel the immediate discovery of certain documents.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| HARRY M., | : | |
|     Plaintiff | : | Civil Action No. 1:10-cv-922 |
| | : | |
| v. | : | (Chief Judge Kane) |
| | : | |
| COMMONWEALTH OF PENNSYLVANIA | : | |
| DEPARTMENT OF PUBLIC WELFARE, | : | |
| et al., | : | |
|     Defendants | : | |

## ORDER

**NOW**, on this 7th day of January 2010, upon consideration of Plaintiff's motion to compel discovery (Doc. No. 19), **IT IS HEREBY ORDERED** that:

1. Plaintiff's motion to compel with respect to interrogatory responses referring to unspecified documents is **GRANTED**.

2. Plaintiff's motion to compel responses to Plaintiff's sixth and eleventh interrogatories is **GRANTED**. Plaintiff's motion to compel responses to Plaintiff's seventh and eighth interrogatories is **DENIED**.

3. Plaintiff's motion to compel the disclosure of responsive documents of which Defendants are aware is **GRANTED** with the understanding that Defendants need not conduct additional searches beyond those required by the parties' agreement and the continuing disclosure requirements of Rule 26(e).

4. Plaintiff's motion to compel the disclosure of further clarifying information regarding potential defense witnesses is **GRANTED**.

5. Plaintiff's motion to compel the disclosure of certain documents within ten days is **DENIED**. All paper documents **SHALL** be disclosed on a rolling basis by March 21, 2011.

                                                    S/ Yvette Kane
                                                    Yvette Kane, Chief Judge
                                                    United States District Court
                                                    Middle District of Pennsylvania