IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

HARRY M., et al.,
    Plaintiffs

    v.

PENNSYLVANIA DEPARTMENT
OF PUBLIC WELFARE, et al.,
    Defendants

No. 1:10-cv-922

(Chief Judge Kane)

**MEMORANDUM**

Plaintiffs move the Court to provisionally approve a proposed settlement of the above-captioned class action lawsuit against Defendants Pennsylvania Department of Public Welfare (DPW) and Harriet Dichter, in her official capacity as Acting Secretary of Public Welfare, and to schedule a fairness hearing pursuant to Rule 23(e) of the Federal Rules of Civil Procedure. (Doc. No. 73.) The motion is unopposed. For the reasons that follow, the Court will grant the motion, except with respect to the proposed notice provisions.

**I.    BACKGROUND**

Plaintiffs, a certified class consisting of residents of Pennsylvania who are deaf and enrolled in Defendants' Consolidated Waiver (Doc. No. 14), filed the above-captioned class action in this Court on April 29, 2010. In their amended complaint, Plaintiffs claim that Defendants' failure to provide equal access to waiver services to class members constituted a violation of the Americans with Disabilities Act, 42 U.S.C. § 12132, and Section 504 of the Rehabilitation Act, 29 U.S.C. § 794. (Doc. No. 6.) More specifically, Plaintiffs allege that Defendants failed to provide supports to enable them to effectively communicate with staff, housemates, supports coordinators, and others. (Doc. No. 73 at 2.)

1

After nearly two years of discovery, the parties requested mediation before a magistrate judge in order to pursue resolution of the case. (Doc. No. 58.) On January 3, 2013, with the assistance of Magistrate Judge Mannion, the parties agreed to a proposed settlement of Plaintiffs' claims. (Doc. No. 71.) Plaintiffs now move the Court for preliminary approval of their proposed settlement agreement. (Doc. No. 73.)

## II. DISCUSSION

### A. Preliminary Approval

The Court must approve the settlement of any class action pursuant to Rule 23(e) of the Federal Rules of Civil Procedure. Review of a proposed class action settlement involves a two-step process: preliminary approval and a subsequent fairness hearing. At this stage, Plaintiffs move solely for preliminary approval of the proposed settlement. Thus, the Court's inquiry is limited to determining whether the agreement appears to be the product of "serious, informed, non-collusive negotiations, has no obvious deficiencies, does not improperly grant preferential treatment to class representatives or segments of the class and falls within the range of possible approval." In re Nasdaq Market-Makers Antitrust Litig., 176 F.R.D. 99, 102 (S.D.N.Y. 1997); see also Mehling v. N.Y. Life Ins. Co., 246 F.R.D. 467 (E.D. Pa. 2007).

On review, the Court is satisfied that the proposed settlement agreement is the result of serious, informed, non-collusive negotiations. The parties engaged in nearly two years of discovery. (Doc. No. 73 at 3.) Plaintiffs requested and received over 30,000 documents, including individual support plans for 250 class members; provider records for several class members; and extensive policy and process information related to the treatment of class members enrolled in Defendants' Consolidated Waiver. (Id. at 4.) Plaintiffs retained two

2

experts to assist them in assessing whether class members were being provided with effective communication services.  (Id.)  Furthermore, the parties met with Magistrate Judge Mannion on six separate occasions to participate in settlement negotiations, in addition to participating in settlement discussions on their own.  (Id. at 5, 13-14.)  Accordingly, the Court concludes that each side was able to effectively weigh the risks and costs of trying the remaining issues in an informed manner during the settlement negotiations.

Moreover, the Court further finds that the proposed settlement agreement does not have any obvious deficiencies, and neither does it improperly grant preferential treatment to class representatives or segments of the class.  Although Harry M.'s communication needs were assessed during the pendency of this litigation, and prompt implementation and monitoring of his services is expressly provided for in the proposed settlement agreement (Doc. No. 74 ¶ 13), the proposed agreement also requires Defendant DPW to provide communication assessments to all class members within one year of the Deaf Service Coordinator's start date (id. ¶¶ 3-5).  Thus, the Court concludes that the proposed agreement does not favor the named plaintiff over the class members.  The proposed agreement also falls within the range of possible approval, analyzed in accordance with the United States Court of Appeals for the Third Circuit's criteria in Girsh v. Jepson, 521 F.2d 153, 157 (3d Cir. 1975).  (Doc. No. 73 at 15-17.)  Accordingly, having found that the proposed settlement agreement is the result of "serious, informed, non-collusive negotiations, has no obvious deficiencies, does not improperly grant preferential treatment to class representatives or segments of the class and falls within the range of possible approval," the Court will preliminarily approve the proposed settlement agreement.

**B.     Proposed Notice to Class**

In addition to preliminarily approving the proposed settlement agreement, the Court must also approve the proposed means for notifying class members. Fed. R. Civ. P. 23(c)(2). Adequate notice is essential to securing due process of law for the class members, whom are bound by the judgment entered in the action. Matsushita Elec. Indus. Co. v. Epstein, 516 U.S. 367, 378-79 (1996). Rule 23(c)(2) of the Federal Rules of Civil Procedure requires the best notice "practicable" under the circumstances, including individual notice to all members who can be identified through reasonable effort. For individuals whose names and addresses cannot be determined by reasonable efforts, notice by publication will suffice under Rule 23(c)(2) and the Due Process Clause. Mullane v. Cent. Hanover Bank & Trust Co., 339 U.S. 306, 317-18 (1950).

Plaintiffs, in their motion for preliminary approval of the settlement, propose that Defendant DPW will notify the individual class members who have been identified and their legal representatives by first-class mail. (Doc. No. 73 at 19.) The parties also propose that the director of each Supports Coordination Organization providing services to individuals enrolled in the Consolidated Waiver, identify individuals in his or her caseload who qualify as class members and provide notice to those individuals and their legal representatives. (Id.)

With respect to individuals whose names and addresses cannot be determined by reasonable efforts, Plaintiffs submit in their motion that Plaintiffs' counsel will "post the notice" in English and American Sign Language (ASL) and the full proposed settlement agreement in English and ASL within fourteen days of the Court's approval of the proposed notice and means for identifying class members. (Id.) Plaintiffs do not, however, specify where the notice will be posted. Without more details, the Court cannot approve Plaintiffs' proposed publication scheme

4

as outlined in their motion.  Accordingly, the Court will require Plaintiffs to submit an amended settlement agreement which specifies the fora in which Plaintiffs' counsel will post the notice.

In addition to approving the proposed notice provisions, the Court is required to approve the form of the notice itself, which must "fairly, accurately, and neutrally describe the claims and parties in the litigation, the terms of the proposed settlement and the identity of persons entitled to participate in it."  In re Remeron End-Payor Antitrust Litig. v. Organon USA Inc., No. 04-cv-5126, 2005 WL 2230314, at *15 (D.N.J. Sept. 13, 2005).  The Court is cognizant that the limited communication capacity of most class members presented a challenge to the parties in crafting the notice of settlement in this class action.  With that in mind, the Court now turns to whether the parties' proposed notice effectively apprises class members of their rights and options with respect to the proposed class agreement.

Here, Plaintiffs' counsel sought and received expert input on the communication needs of deaf people with intellectual disabilities before finalizing the proposed notice of settlement.  (Doc. No. 73 at 19 n.5.)  Utilizing this input, Plaintiffs' counsel developed the notice in two parts: (1) a simplified statement of the case, the settlement agreement, and the objection procedure; and (2) an attachment which more fully explains the litigation, class litigation, objection procedure, and contact information for class counsel.  (Doc. No. 73-4.)  On review, the Court is satisfied that the proposed notice will make affected class members aware of the claims and parties in the litigation, the terms of the proposed settlement, the identity of persons entitled to participate, and their opportunity to object.  Accordingly, the Court will approve the form of the notice.

### III.     CONCLUSION

For the above-stated reasons, the Court finds that the proposed settlement agreement merits preliminary approval, with the exception of its provisions concerning notification of class members. An order consistent with this memorandum follows.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HARRY M., et al., : | |
|    Plaintiffs : | |
| : | No. 1:10-cv-922 |
| v. : | |
| : | (Chief Judge Kane) |
| PENNSYLVANIA DEPARTMENT : | |
| OF PUBLIC WELFARE, et al., : | |
|    Defendants : | |

## ORDER

**AND NOW**, on this 4th day of April 2013, for the reasons set forth in the Court's memorandum opinion filed herewith, **IT IS HEREBY ORDERED THAT:**

1. Plaintiffs' motion for preliminary approval (Doc. No. 73) is **GRANTED** except with respect to the proposed notice provisions; and

2. Plaintiffs are directed to submit an amended settlement agreement within fourteen days of this order containing: the proposed notification procedures for class members, the proposed publication scheme for class members who cannot be identified with reasonable efforts, and the form of the notice.

                                              S/ Yvette Kane
                                              Yvette Kane, Chief Judge
                                              United States District Court
                                              Middle District of Pennsylvania